IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 24, 2014

**ASHLEY EVANS v. NIGEL M. REID**

**Appeal from the Circuit Court for Hamblen County**
**No. 08CV177     Mike Faulk, Judge**

**No. E2013-02465-COA-R3-CV-FILED-JUNE 19, 2014**

At an earlier time, Ashley Evans ("the petitioner") filed a petition against Nigel M. Reid ("the respondent") seeking an order of protection. The trial court dismissed the petition due to "[in]sufficient cause." In the same order, however, the court found "proof of the need of a restraining order." Accordingly, the court restrained the respondent from coming about, calling or harassing the petitioner or her family. Several years later, the respondent asked the court to void the restraining order, which, on its face, was still in effect. The court refused. The respondent appeals. We reverse the trial court and hold that (1) the trial court was without jurisdiction to issue the restraining order and (2) the restraining order is, consequently, null and void.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Restraining Order Held for Naught; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Nigel M. Reid, Morristown, Tennessee, appellant, *pro se.*

No appearance by or on behalf of the appellee, Ashley Evans.

# OPINION

The only pleading before the trial court, when the subject order was entered, was the petition for an order of protection. Under the provisions of Tenn. Code Ann. § 36-3-605(b)(2010), the trial court's subject matter jurisdiction was essentially limited to one of two remedies, but not the imposition of both in the same case. It could "dissolve" the ex parte order of protection or "extend the order of protection for a definite period of time, not to exceed one . . . year." *Id*. Here, the trial court did one and tried to do a little bit of the other.[1] The statutory scheme addressing orders of protection does not give a trial court jurisdiction beyond these two alternative remedies. *Id*. Therefore, the trial court's grant of a restraining order, after it had dismissed the petition, was done without subject matter jurisdiction and is void ab initio. As we said in ***Dishmon v. Shelby State Community College***, 15 S.W.3d 477 (Tenn. Ct. App. 1999),

> [a] court's subject matter jurisdiction in a particular circumstance depends on the nature of the cause of action and the relief sought. It does not depend on the conduct or agreement of the parties, and thus the parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver.
>
> Judgments or orders entered by courts without subject matter jurisdiction are void. The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated. Thus, when an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal.

*Id*. at 480 (citations omitted).

The order of the trial court restraining the respondent as aforesaid is hereby reversed and held for naught. Upon remand, the trial court is directed to enter an order memorializing this decree. Costs at the trial court level and on appeal are taxed to the petitioner, Ashley Evans. This case is remanded to the trial court for entry of the order directed by us and for collection of costs incurred at the trial court level.

---

[1]The restraining order is not limited in time.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE